**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  11-cv-02179-WJM-KMT

---

**Jane Roe,**

       Plaintiff

**v.**

**Catholic Health Initiatives Colorado,
A Colorado nonprofit corporation,
d/b/a Centura-Health-Penrose Hospital**

       Defendant.

---

**MOTION FOR PLAINTIFF TO PROCEED UNDER A PSUEDONYM**

---

COMES NOW, the Plaintiff, Jane Roe, by and through her counsel, Cornish & Dell'Olio, and files concurrently with her Complaint this Motion, which moves the Court for permission to proceed under a pseudonym.

**Certificate of Compliance With D.C.COLO. LCivR 7.1 A**

Pursuant to D.C.COLO. LCivR 7.1 the undersigned has conferred with counsel for Defendant, Peter Sabey, in house counsel for Catholic Health Initiatives Colorado. Catholic Health Initiatives Colorado opposes the motion to seal.

**Introduction**

Ms. Roe's Complaint alleges discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*  Specifically, as part of her lawsuit, Ms. Roe has alleged extensive violations of the ADA's provisions relating to medical privacy.

First, Ms. Roe has alleged that Centura subjected her to unlawful medical examinations and medical inquiries, which forced her to disclose confidential and private medical information related to her disability.  Second, Ms. Roe alleges that the private and confidential medical information gathered by Centura was then disseminated to Centura employees in a further violation of the ADA.  Third, Ms. Roe further alleges that Centura subjected her to the unlawful medical examinations and medical inquiries on the basis of an unfounded and untrue allegation of drug abuse.  Finally, Ms. Roe has alleged that Centura terminated her employment after forcing her to disclose confidential information related to her disability.  It would be paradoxical for Ms. Roe to have to publicly divulge her confidential medical information in order to seek redress for violations of the privacy provisions meant to protect that very information.  Similarly, the public dissemination of Ms. Roe's disability and its treatment, as well as the untrue allegation of drug abuse, could jeopardize future employment opportunities.  Such a risk would be contradictory both to the goals of Ms. Roe's lawsuit as well as the ADA itself.  When, as in this case, a public lawsuit would result in the very harm the lawsuit is meant to prevent, then the use of a pseudonym is justified.  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (holding that, "A plaintiff should be permitted to proceed anonymously . . . where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.").

### Law

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'  Moreover, there does not appear to be any specific statute or rule

supporting the practice." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

Federal Rule of Civil Procedure 10(a) generally requires that a complaint "name all the

parties." Fed. R. Civ. P. 10(a). *See also Meadows v. Whetsel*, 245 Fed. Appx. 860,

862 (10th Cir. 2007) (stating that, "The general rule is that '[i]n the complaint the title of

the action shall include the names of all the parties.'"). However, there is an exception

to the general rule "in certain 'exceptional circumstances' the need for anonymity

outweighs the presumption in favor of open court proceedings." *Raiser v. Church of*

*Jesus Christ of Latter-Day Saints*, 182 Fed. Appx. 810, 811 (10th Cir. 2006) (citing

*Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)). "The court has an

independent duty to determine whether exceptional circumstances warrant a departure

from the normal method of proceeding in federal courts." *Doe v. Heil*, 2008 U.S. Dist.

LEXIS 94551, 4-5 (D. Colo. Nov. 13, 2008).

     "The ultimate test for permitting a plaintiff to proceed anonymously is whether the

plaintiff has a substantial privacy right which outweighs the 'customary and

constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v.*

*Heil*, 2008 U.S. Dist. LEXIS 94551 (D. Colo. Nov. 13, 2008) (citing *Doe v. Frank*, 951

F.2d 320, 323 (11th Cir. 1992)). *Cf.* Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir.

2000) (holding that, "it is proper to weigh the public interest in determining whether

some form of anonymity is warranted.").

     Weighing in favor of public disclosure is the role of the federal courts as a public

tribunal. "We begin with the fundamental presupposition that it is the responsibility of

judges to avoid secrecy, in camera hearings and the concealment of the judicial process

from public view.  Courts are public institutions which exist for the public to serve the public interest.  Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society." *Doe v. Federal Bureau of Investigation,* 218 F.R.D. 256, 258 (D. Colo. 2003), quoting *M.M. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996), *aff'd,* 139 F.3d 798 (10th Cir. 1998).

Only substantial privacy concerns will outweigh the public's interest in public proceedings.  Specifically, courts have allowed parties to proceed under pseudonym "in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).  Other factors taken into consideration include:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Heil*, 2008 U.S. Dist. LEXIS 94551 (D. Colo. Nov. 13, 2008).

## Argument

In this case Ms. Roe has significant privacy interests, protected by the statute she has filed suit to enforce, which outweigh the strong interest in favor of public proceedings.  Specifically, Ms. Roe has a strong interest in maintaining the privacy of her medical condition as it relates to her disability.  As a general matter, Ms. Roe has a

Constitutional right to informational privacy.  *Whalen v. Roe*, 429 U.S. 589, 599-600 (1977) ("The cases sometimes characterized as protecting 'privacy' have in fact involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions.") (footnotes omitted).  *See also Douglas v. Dobbs*, 419 F.3d 1097, 1102 (10th Cir. 2005) (holding that the right to informational privacy extends to medical records and prescription information in the context of public employment).  A similar right to informational privacy in the private employment context was legislated directly into the ADA.

The ADA states that, "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability . . . ."  42 U.S.C. § 12112(d)(4)(A).  The purpose of this prohibition is to stop employers from discovering an employee's disability and thereby preventing discrimination on the basis of that disability.  *Roe v. Cheyenne Mountain Conference Resort*, 920 F. Supp. 1153, 1154 (D. Colo. 1996) (stating that, "Congress enacted the ADA to help eliminate discrimination against individuals with disabilities. As part of this effort the ADA restricts an employer's ability to conduct medical examinations and make inquiries of employees and job applicants in an effort to discover disabilities or perceived disabilities.") (citations omitted).  *See also* EEOC ENFORCEMENT GUIDANCE: DISABILITY RELATED INQUIRIES AND MEDICAL EXAMINATIONS OF EMPLOYEES UNDER THE ADA (STATING THAT, "The ADA's provisions concerning disability-related inquiries and medical examinations reflect

Congress's intent to protect the rights of applicants and employees to be assessed on merit alone . . . ."). In effect, this section protects against forced disclosure of medical information, except in limited circumstances.

The ADA further recognizes that any information gathered from a medical examination is a "confidential medical record." 42 U.S.C. § 12112(d)(4)(C). EEOC ENFORCEMENT GUIDANCE (stating that, "The ADA requires employers to treat any medical information obtained from a disability-related inquiry or medical examination (including medical information from voluntary health or wellness programs), as well as any medical information voluntarily disclosed by an employee, as a confidential medical record.). In order to maintain the confidentiality of those records the medical information must be "maintained on separate forms and in separate medical files . . . ." 42 U.S.C. § 12112(d)(3)(B). Finally, due to the confidentiality of the medical information, an employer cannot disclose it except in very limited circumstances. 42 U.S.C. § 12112(d)(3)(C). Any violation of these prohibitions and restrictions constitute disability discrimination. 42 U.S.C. § 12112(d)(1) (stating that, "The prohibition against discrimination as referred to in subsection (a) of this section shall include medical examinations and inquiries.").

Ms. Roe's lawsuit alleges that Centura unlawfully required her to undergo medical examinations and medical inquires that forced Ms. Roe to disclose confidential medical information that Centura would not have otherwise known about. Complaint, ¶¶ 90a-b. Ms. Roe also alleges that once Centura unlawfully gathered this confidential medical information it then proceeded to unlawfully disclose it. Complaint, ¶ 90c. Now,

should Ms. Roe be forced to litigate her privacy claims under her own name, she would be required to publicly disclose the confidential medical information unlawfully gathered by Centura and thereby exacerbate the very privacy violations underlying her lawsuit. In effect, Ms. Roe would be required to engage in the very conduct that her Complaint alleges is discriminatory.  That violation is only intensified by the personal and potentially embarrassing content of the unlawful examinations and inquiries conducted by Centura.  *See e.g* Complaint, ¶ 46 (alleging that Centura inquired into Ms. Roe's sexual activities, including the number of her sexual partners, as well as into several questions regarding illegal drug use).  Finally, the false allegations of drug abuse that caused Centura to conduct its unlawful medical examinations and inquiries, if made public, could negatively impact Ms. Roe's ability to find continued employment, which directly contradicts the underlying purpose of the ADA.  *See generally* 42 U.S.C. § 12101.

The Tenth Circuit has recognized that litigation under a pseudonym is appropriate when public litigation would result in the very injury the lawsuit was meant to redress.  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (holding that, "A plaintiff should be permitted to proceed anonymously . . . where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.").  *See also Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 Fed. Appx. 810, 811 (10th Cir. 2006) (holding that, "Exceptional circumstances exist if the case involves matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the

Raiser's identity."); *Freedom from Religion Found., Inc. v. Cherry Creek Sch. Dist. # 5*,

2009 U.S. Dist. LEXIS 65818, 14-15 (D. Colo. July 22, 2009) (holding that, "That

interest should be overridden and a plaintiff permitted to proceed anonymously, 'only in

those exceptional cases involving matters of a highly sensitive and personal nature, real

danger of physical harm, or where the injury litigated against would be incurred as a

result of the disclosure of the plaintiff's identity.'"); *J.B. v. Liberal Sch. Dist.*, 2006 U.S.

Dist. LEXIS 67622 (D. Kan. Sept. 20, 2006) (holding that, "Moreover, to the extent that

plaintiff seeks to recover for psychological harm, there is some risk that 'the injury

litigated against would be incurred [or exacerbated] as a result of the disclosure of

plaintiff's identity.'").  Privacy claims present one situation in which public litigation would

result in the very harm that the lawsuit is meant to address.  *See e.g. Doe v. Town of*

*Madison*, 2010 U.S. Dist. LEXIS 31487, 5-6 (D. Conn. Mar. 30, 2010) (allowing the use

of a pseudonym and holding that, "The crux of plaintiff's claim is that his identity was

unlawfully released to the public in violation of the Youthful Offender Statute's

requirements. See generally Cmplt. Were this court to require plaintiff's identity be

disclosed, the purpose of the litigation would be entirely subverted."); *Roe v. Cheyenne*

*Mountain Conference Resort,* 920 F. Supp. 1153 (D. Colo. 1996) (allowing use of

pseudonym in ADA medical inquiry claim).

Other factors also mitigate in favor of pseudonymous litigation in this case.  First,

the medical privacy Ms. Roe is attempting to preserve is of a "sensitive and highly

personal nature."  *Doe v. Heil*, 2008 U.S. Dist. LEXIS 94551 (D. Colo. Nov. 13, 2008).

The Tenth Circuit has previously recognized that prescription drug records "contain

intimate facts of a personal nature" along with other medical records. *Douglas v. Dobbs*, 419 F.3d 1097, 1102 (10th Cir. 2005).  Second, the use of a pseudonym in this case does not risk unfairness to Centura. *Doe v. Heil*, 2008 U.S. Dist. LEXIS 94551 (D. Colo. Nov. 13, 2008).  In fact, a verification of the Complaint disclosing Plaintiff's true name is also being filed under seal with the Complaint and will be disclosed to the Defendant.  This precaution will allow Centura to present a full and uninhibited defense in this case.  Third, Ms. Roe's suit is against a private, rather than a public employer, which lessens the public interest.  Finally, pseudonymous lawsuits, despite their unusual nature, have been approved previously in the District of Colorado.  *See e.g. Steese, Evans & Frankel, P.C. v. United States SEC,* 2010 U.S. Dist. LEXIS 129401 (D. Colo. Dec. 7, 2010); *Doe v. Heil,* 2008 U.S. Dist. LEXIS 94551 (D. Colo. Nov. 13, 2008); *Doe v. FBI,* 218 F.R.D. 256 (D. Colo. 2003)*; Roe v. Cheyenne Mountain Conference Resort,* 920 F. Supp. 1153 (D. Colo. 1996).  Accordingly, Ms. Roe fits well within the established precedent for allowing a plaintiff to proceed under a pseudonym.

## Conclusion

Ms. Roe has demonstrated significant privacy interests that overcome the presumption in favor of public litigation.  WHEREFORE, Ms. Roe respectfully requests that the Court grant her Motion to Proceed under a Pseudonym.

Respectfully submitted this __ day of August, 2011.

CORNISH & DELL'OLIO

/s/ Donna Dell'Olio
Donna Dell'Olio, # 10887
Cornish & Dell'Olio
431 N. Cascade Avenue, Ste. 1

9

Colorado Springs, CO 80903
TEL (719) 475-1204
FAX (719) 475-1264
Email: ddellolio@cornishanddellolio.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2011, I electronically filed with the Clerk of Court using the CM/ECF system a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR PLAINTIFF TO PROCEED UNDER A PSUEDONYM** was sent by email:

Peter Sabey
Associate General Counsel
Centura Health
188 Inverness Drive West, Suite 500
Englewood, CO 80112
303-804-8106 Phone
303-804-8198 Fax
petersabey@centura.org


s/Esther Kumma Abramson
Esther Kumma Abramson