IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02179-WYD-KMT

JANE ROE,

Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, A
COLORADO NONPROFIT CORPORATION D/B/A
CENTURA HEALTH-PENROSE HOSPITAL,

Defendant.

## RESPONSE IN OPPOSITION TO MOTION FOR
## PLAINTIFF TO PROCEED UNDER A PSEUDONYM

In response to Plaintiff's Motion for Plaintiff to Proceed Under a Pseudonym ("**Motion**"), Defendant Catholic Health Initiatives Colorado ("**Centura**"), by it attorneys Kutak Rock LLP, for its Response in Opposition to Motion for Plaintiff to Proceed Under a Pseudonym ("**Response**"), hereby states as follows.

### INTRODUCTION

Plaintiff made Plaintiff's real name part of the public record when Plaintiff filed Plaintiff's administrative charge and received Plaintiff's right to sue letter under Plaintiff's real name.  Nonetheless, Plaintiff now seeks to proceed under a pseudonym, arguing that this case involves Plaintiff's private medical records and that Plaintiff's career prospects would be harmed if Plaintiff's real name is used.  Plaintiff's arguments should be rejected—this case is not an "exceptional case" where proceeding anonymously is appropriate.  First, courts have not allowed plaintiffs to proceed anonymously simply because the case involves a medical issue.  "On

Plaintiff's reasoning, a claim for Doe status would apply to all cases brought under the ADA." *Rankin v. New York Public Library*, Case No. 98cv4821, 1999 WL 1084224, at *1 (S.D.N.Y. Dec 2, 1999). Moreover, Centura will be prejudiced if Plaintiff is allowed to proceed under a pseudonym. In addition to more burdensome discovery, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm". *Southern Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Finally, there are less drastic means available to protect specific sensitive information, such as a protective order or filing under seal.

## ARGUMENT

### I.  PLAINTIFF'S REAL NAME IS ALREADY PART OF THE PUBLIC RECORD BECAUSE PLAINTIFF USED IT TO FILE PLAINTIFF'S ADMINISTRATIVE CHARGE.

Plaintiff filed Plaintiff's administrative charge and received Plaintiff's right to sue letters from the Equal Employment Opportunity Commission ("**EEOC**") under Plaintiff's real name. By doing so, Plaintiff has made Plaintiff's real name part of the public record in this matter because administrative charges and right to sue letters are part of the public record. *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002) ("an EEOC charge is part of the public record."); *Hilburn v. Dept. of Corrections*, Case No. 07cv06064, 2010 WL 703202, at *11 (D. N.J. Feb. 23, 2010) ("Documents such as a charge filed with the Commission and a right-to-sue letter fall into the category of a public record.") (citing *Shannon v. City of Philadelphia*, Case No. 98cv5277, 1999 WL 126097, at *2 n. 3 (E.D.Pa. Mar.5, 1999)); see also *Wallendorf v. Union Electric Co.*, Case No. 10cv4065, 2010 WL 2076958, at *1 (W.D.Mo May 24, 2010); *Robinson v. Heritage Elementary School*, Case No. 09cv0541, 2010 WL 1511663, at *3 (D.

Ariz. April 15, 2010); *Caplinger v. Uranium Disposition Services, LLC*, Case No. 08cv548, 2009 WL 367407, at *2 (S.D.Ohio Feb. 11, 2009); *McCain v. Independence Chrysler-Plymouth*, Case No. 02cv863, 2002 WL 1835650, at *1 (E.D.Pa. Aug. 7, 2002); *Rogan v. Giant Eagle, Inc.*, 113 F.Supp.2d 777, 782 (W.D.Pa.2000). Since Plaintiff's name is already part of the public record, Plaintiff has a weak interest in proceeding under a pseudonym. See *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (denying anonymity to sex offender in part because "such disclosure has presumably already occurred in the underlying conviction."). Anonymity cannot be maintained, because it has already been lost due to Plaintiff's own actions.

Plaintiff chose to proceed in the administrative forum under Plaintiff's real name, thus made Plaintiff's real name part of the public record and destroyed anonymity. Now, however, when the public's interest in open court proceedings is the strongest, Plaintiff is attempting to hide Plaintiff's real name and sue under a pseudonym. Since Plaintiff has already caused Plaintiff's real name to be part of the public record in connection with this matter, Plaintiff should not be allowed to proceed here under a pseudonym.

## II.  THE USE OF PSEUDONYMS IN LAWSUITS IS DISFAVORED.

### A.  The Use Of Pseudonyms In Lawsuits Is Inconsistent With The Public's Right To Open Judicial Proceedings

Plaintiff's attempt to file under a pseudonym is inconsistent with the public's "legitimate interest in knowing the facts involved in [lawsuits]. Among the facts is the identity of the parties." *Heather K. v. City of Mallard, Iowa*, 887 F.Supp.1249, 1255 (N.D. Iowa 1995). "[T]he common law rights of access to the courts and judicial records are not taken lightly". *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). The use of pseudonyms by parties to lawsuits "'runs afoul of the public's common law right of access to judicial proceedings,' a

right that is supported by the First Amendment." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)). The openness of judicial proceedings is a "constitutionally-embedded" principle that is firmly rooted in the foundations of our government. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("There is a customary and constitutionally-embedded presumption of openness in judicial proceedings."); see also *Doe v. Hartz*, 52 F.Supp.2d 1027 (N.D.Iowa 1999); *Doe v. School District Of Norfolk, Nebraska*, Case No. 8:01CV3304 (Neb. 2002).

Courts have found that "it is the responsibility of judges to avoid secrecy." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (Colo. 1996), aff'd, 139 F.3d 798 (10th Cir. 1998). After all, lawsuits are public events. *Femedeer*, 227 F.3d at 1246; *Doe v. Frank*, 951 F.2d at 324. "Courts are public institutions which *exist for the public* to serve the public interest." *M.M. v. Zavaras*, 939 F. Supp. at 801 (emphasis added). "Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society." *Id.*

Requiring parties, such as Plaintiff, to use their real names "protect[s] the public's legitimate interest in knowing which disputes involving which parties are before the federal courts that are supported with tax payments and that exist ultimately to serve the American public." *Doe v. Hartz*, 52 F.Supp.2d at 1049. Further, Plaintiff's use of a pseudonym can limit the rights of others and "may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments." *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979).

### B. The Federal Rules Of Civil Procedure Require All Parties To Be Identified In The Pleadings

Congress enacted the Federal Rules of Civil Procedure to keep the federal courts of the United States public and open—so that the administration of justice is not done in secret. "The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Federal Rule of Civil Procedure 10(a) which requires the names of all parties to appear in the complaint." *M.M. v. Zavaras*, 939 F. Supp. at 801. Rule 10(a) expressly requires that the parties be fully identified in the pleadings:

> Every pleading shall contain a caption setting forth the name of the Court, the title of the action, the file number, and a designation as in Rule 7(a). In the Complaint, the title of the action *shall include the names of all the parties*, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

Fed.R.Civ.P. 10(a) (emphasis added). The Eleventh Circuit has noted that "[t]his rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d at 322. Rule 10(a) expressly requires full identification of parties in the pleadings and "[t]here is no express congressional grant of right to proceed anonymously." *M.M. v. Zavaras*, 939 F. Supp. at 801.

Further, Plaintiff has disregarded Federal Rule of Civil Procedure 17(a). Rule 17(a) mandates that every "action shall be prosecuted in the name of the real party in interest." *Yocom*, 257 F.3d at 1172; see also *Femedeer*, 227 F.3d at 1246. "This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced." *United Healthcare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 569 (8th Cir. 1996); see also *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977). "In the federal

courts it is held that the 'real party in interest' is the one who, under applicable substantive law, has the legal right to bring the suit." *Coe v. U.S. Dist. Court for Dist. Of Colorado*, 676 F.2d 411, 415 (10th Cir 1982) (quoting *Boeing Airplane Co. v. Perry*, 322 F.2d 589 (10th Cir. 1963), *cert. denied*, 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472 (1964)). Congress presumably enacted Rule 17(a) for the same reason it enacted Rule 10(a)—to protect the public's right to open court proceedings.

### C. Proceeding Anonymously Is An Unusual Procedure Reserved For Exceptional Circumstances

The Federal Rules of Civil Procedure do not explicitly allow the practice of proceeding anonymously. Nonetheless, some courts have allowed a party to proceed anonymously under exceptional or unusual circumstances. "There are a number of cases which recognize that identifying a party only by a pseudonym is an unusual procedure. None of them, however, points to any precise authority for the practice." *M.M. v. Zavaras*, 939 F. Supp. at 801.

Courts only grant permission to proceed anonymously in "exceptional cases." *U.S. v. Doe*, 488 F.3d 1154, 1163 (9th Cir. 2007). "The risk that a plaintiff may suffer some embarrassment is not enough" to grant the privilege of anonymity. *Femedeer*, 227 F.3d at 1246; *Doe v. Frank*, 951 F.2d at 324. For example, the Eleventh Circuit held that the social stigma attached to alcoholism was insufficient for plaintiff to proceed anonymously. *Doe v. Frank*, 951 F.2d at 324. Nevertheless, "a practice has developed permitting individuals to sue under fictitious names where the issues involved are matters of a sensitive and highly personal nature." *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont. 1974). "Characteristic of these are the birth control cases, the abortion cases, the welfare cases involving illegitimate children or children whose fathers have abandoned them, and at least one case involving homosexuality." *Id.*; see

also *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir.2004) (court indicated that it would not allow a party to proceed anonymously unless that party was "a minor", "a rape or torture victim", "a closeted homosexual", or "a likely target of retaliation by people who would learn Plaintiff's identity only from a judicial opinion or other court filing.").

### III.   PLAINTIFF SHOULD NOT BE ALLOWED TO USE A PSEUDONYM.

Plaintiff has argued that the Complaint alleges violations of the ADA related to medical privacy, and that (i) "It would be paradoxical for Ms. Roe to have to publicly divulge Plaintiff's confidential medical information in order to seek redress for violations of the privacy provisions meant to protect that very information" and (ii) "the public dissemination of Ms. Roe's disability and its treatment, as well as the untrue allegation of drug abuse, could jeopardize future employment opportunities." Motion at p. 2. Setting aside the fact that Plaintiff has already made Plaintiff's name part of the public record, see Section I, *supra*, Plaintiff's argument fails because (A) courts have not allowed anonymous proceedings simply because the case involves a medical issue, (B) Centura will be prejudiced if Plaintiff is allowed to proceed under a pseudonym, and (C) there are less drastic means available to protect specific information.

### A.   Courts Have Not Allowed Plaintiffs To Proceed Anonymously Simply Because The Case Involves A Medical Issue Or May Affect Employment

Courts have rejected anonymous proceeding because a case involves a medical issue or because disclosure may adversely affect the plaintiff's employment prospects. "[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869, 872 (7th Cir.1997). In that case, Judge Posner noted that the motion to file under pseudonym was based on a psychiatric disorder. *Id.* at 872.

Moreover, the motion was unopposed, granted, and not appealed. *Id.* at 872. Nevertheless, Judge Posner criticized the decision to allow plaintiff to use a pseudonym and on remand ordered the court to reconsider. *Id.* at 872, 878; see also *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) (ordering the district judge on remand to reconsider since the judge did not discuss precedent disfavoring proceeding anonymously)[1].

In *Rankin v. New York Public Library*, 1999 WL 1084224 (S.D.N.Y. Dec 2, 1999), the court stated:

> Plaintiff argues that disclosure of Plaintiff's identity would reveal private medical information which is "highly sensitive and highly personal." (Plaintiff's Letter Motion at 4) In support of Plaintiff's motion for a temporary restraining order and a preliminary injunction to prevent Defendant from terminating Plaintiff's employment based on Plaintiff's medical inability to return to work, Plaintiff submitted an affidavit which states that she suffers from "fibromyalgia, spondyloarthritis, chronic fatigue immune deficiency syndrome, and hypothyroidism." (Declaration of Rachel Rankin, dated August 6, 1998, ¶ 3) She is concerned that potential employers may obtain access to the Court's public records and, on the basis of Plaintiff's medical conditions, deny Plaintiff's employment. (Plaintiff's Letter Motion at 3) Plaintiff also submitted letters from two doctors one of which stated that she suffered from " spondylitis" and the other stated that she suffered from "Spondylo-arthritis," " chronic fatigue syndrome," and " hypothyroidism." (Declaration of Rachel Rankin, dated August 6, 1998, Exs. 1, 3) The affidavit and the letters do not describe Plaintiff's medical history in detail. The affidavit merely states Plaintiff's medical conditions. The letters, both of which are less than a page, only discuss Plaintiff's conditions and treatments in a cursory manner. "[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Blue Cross & Blue Shield*, 112 F.3d at 872. Plaintiff's concern about future employers using Plaintiff's medical history to deny Plaintiff's employment in violation of the

---

[1] In *Roe v. Cheyenne Mountain Conference Resort*, 920 F. Supp. 1153 (D. Colo. 1996), a case relied on by Plaintiff, the plaintiff was apparently allowed to proceed anonymously. *Id.* at 1153. However, as with the trial judge's decision criticized in *Doe v. Smith*, 429 F.3d at 710, the decision "granted Plaintiff's application to do so without discussion of this circuit's decisions, which disfavor anonymous litigation." Since *Roe v. Cheyenne Mountain Conference Resort* contains no analysis, this Court should not afford it any weight in deciding the Motion.

> Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., must be balanced against the potential administrative burden on the Clerk of the Court. On Plaintiff's reasoning, a claim for Doe status would apply to all cases brought under the ADA. Here, there is no evidence in the record that a social stigma is attached to Plaintiff's medical conditions in the same manner that one is attached to other medical conditions, such as AIDS. See generally *Frank*, 951 F.2d at 324 (social stigma attached to alcoholism was insufficient for plaintiff to proceed anonymously); *Blue Cross & Blue Shield*, 112 F.3d at 872 (finding that psychiatric disorder—obsessive-compulsive syndrome—was not a badge of infamy to the degree that it should serve as an automatic ground to conceal plaintiff's identity).

*Id.* at *1. Similarly, in *Noe v. Carlos*, 2008 WL 4411558 (N.D.Ind., Sep. 25, 2008), after noting that the plaintiff alleged several constitutional violations in connection with Plaintiff's detention in a psychiatric institution, the court stated:

> "The presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *City of Chicago*, 360 F.3d at 669. In this instance, the plaintiff has provided very little to rebut this presumption. She stated that "public access to plaintiff's personal health information contained in the complaint and future court material would harm Plaintiff's reputation among colleagues and jeopardize Plaintiff's career advancement." (Plaintiff's Motion, ¶ 5) This is an insufficient basis to permit an anonymous filing or the sealing of a complaint (or "preliminary documents," though the plaintiff is not clear what is reached by this phrase). In addition, the court notes that less drastic means are available for more specific protection of information. See e.g. *Doe v. Blue Cross*, 112 F.3d at 872 ("Should 'Jane Roe's' psychiatric record contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal.").

*Id.* at *1.

Here, Plaintiff's only arguments for proceeding anonymously are that Plaintiff's medical records are involved and that Plaintiff's future employment prospects may be harmed. Like in *Rankin v. New York Public Library* and *Noe v. Carlos*, which squarely rejected both of Plaintiff's arguments, Plaintiff should be required to proceed under Plaintiff's real name.

### B. The Court Will Be Burdened And Centura Will Be Prejudiced If Plaintiff Is Allowed To Proceed Anonymously

In the Motion, Plaintiff argued that "Third, Ms. Roe's suit is against a private, rather than a public employer, which lessens the public interest." Motion p. 9. Such statement is not only unsupported by the cases, it is contrary to them. In fact, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm". *Wynne & Jaffe*, 599 F.2d at 713. The Eleventh Circuit stated:

> After observing that most of the cases permitting plaintiffs to proceed anonymously involved actions challenging government activity, the court went on to explain the significance of this fact:
>
>> While such suits involve no injury to the Government's "reputation," the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant law firms stand publicly accused of serious violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.
>
> *Wynne & Jaffe*, 599 F.2d at 713. Thus, because the plaintiffs were suing private individuals rather than a government agency, the court found more reason not to grant the plaintiffs' request for anonymity.

*Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir. 1992); see also *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("She has denied Smith the shelter of anonymity—yet it is Smith, and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.")

Additionally, if Plaintiff wants no one to know Plaintiff is involved in this case, Plaintiff will adversely impact both this Court and Centura. Among other things, anonymity will require

that all filings be redacted, all court hearings be closed, and all hearing and deposition transcripts be redacted. This would create a significant burden on the Court and the parties. Plaintiff's request for anonymity will increase the administrative burden on this Court. *Rankin v. New York Public Library*, 1999 WL 1084224, at *1 (Plaintiff's arguments for anonymity "must be balanced against the potential administrative burden on the Clerk of the Court."). It will also make discovery more onerous. See *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) ("Such use obviously may cause problems to defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments."). Centura will be unable to obtain relevant records about Plaintiff from third parties, such as Plaintiff's health care records or records of Plaintiff's prior or subsequent employment, if it cannot use the Plaintiff's name in discovery. It would be difficult for Centura to conduct a proper investigation and interviews regarding the relevant facts, if it cannot disclose that Plaintiff has filed a lawsuit and identify Plaintiff as an involved party being investigated. In turn, this would cause prejudice to Centura's defense of these claims.

Thus, Plaintiff should be required to proceed under Plaintiff's real name.

### C. There Are Less Drastic Means Available To Protect Plaintiff's Information

Finally, there are "less drastic means are available for more specific protection of information." *Noe v. Carlos*, 2008 WL 4411558, at *1; see also *Blue Cross*, 112 F.3d at 872 ("Should 'Jane Roe's' psychiatric record contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal."). For example, Plaintiff could seek a protective order or seek to file sensitive documents under seal.

Since less drastic means are available to protect Plaintiff's sensitive information, Plaintiff should be required to use those other means and should not be allowed to proceed anonymously.

## **CONCLUSION**

In conclusion, Centura respectfully requests that Plaintiff be required to proceed under Plaintiff's real name. Plaintiff already made Plaintiff's real name part of the public record when Plaintiff filed Plaintiff's administrative charge and received Plaintiff's right to sue letter under Plaintiff's real name. Plaintiff's arguments about the privacy of Plaintiff's medical records and damage to Plaintiff's future employment have been squarely rejected by other courts, and should be rejected here. "Plaintiff's desire to keep Plaintiff's medical history confidential does not present an 'unusual case,' and therefore is insufficient to warrant a deviation from the normal practice of open judicial proceedings." *Rankin v. New York Public Library*, 1999 WL 1084224, at *2. Instead of using a hammer to crack a nut and thereby impose burdens on all the parties and the Court, Plaintiff should use less drastic means available to protect specific sensitive information.

Respectfully submitted this 26th day of September, 2011.

KUTAK ROCK LLP

By: *s/Mark L. Sabey*
Mark L. Sabey
1801 California Street, Suite 3100
Denver, CO 80202-2626
Tele: (303) 297-2400
Fax: (303) 292-7799
email: mark.sabey@kutakrock.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail address listed in the CM/ECF system records:

> Donna Dell'Olio
> Cornish and Dell'Olio
> 431 North Cascade Ave., Suite 1
> Colorado Springs, CO  80903
> ddellolio@cornishanddellolio.com

By:     *s/ Peggy L. Forest*