IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02179–WYD–KMT

JANE ROE,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, a Colorado nonprofit corporation, d/b/a Centura-Health-Penrose Hospital,

    Defendant.

## ORDER

This matter is before the court on the "Motion for Plaintiff to Proceed Under a Pseudonym" (Doc. No. 2 [Mot. Pseudonym], filed August 22, 2011. Defendant filed a Response on September 26, 2011 (Doc. No. 16 [Resp. Pseudonym]), and Plaintiff filed a Reply on October 7, 2011 (Doc. No. 21 [Reply Pseudonym]).

Plaintiff brings this case pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et* seq., for discrimination. As part of her suit, Plaintiff alleges Defendant violated the ADA's provisions relating to medical privacy, including (1) subjecting Plaintiff to unlawful medical examinations and medical inquiries, which forced her to disclose confidential and private medical information related to her disability; (2) disseminating Plaintiff's private and confidential medical information to Defendant's employees; (3) subjecting Plaintiff to the

allegedly unlawful medical examinations and medical inquiries on the basis of an unfounded and untrue allegation of drug abuse; and (4) terminating Plaintiff's employment after forcing her to disclose confidential information related to her disability.

Plaintiff seeks to use a pseudonym in this case. "Proceeding by pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir.2000) (citing *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). The Tenth Circuit historically has looked to the Eleventh Circuit's jurisprudence regarding whether a plaintiff should be allowed to proceed anonymously. *See Femedeer*, 227 F.3d at 1246 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992)); *M.M.*, 139 F.3d at 802–03 (same). The Eleventh Circuit enumerated three contexts in which a pseudonym is appropriate: 1) "matters of a highly sensitive and personal nature"; 2) cases involving a "real danger of physical harm"; and 3) instances "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* The court also must "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246.

In *M.M.*, a female inmate brought suit against the Colorado Department of Corrections ("CDOC") arising from allegations that a correctional officer declined to facilitate the inmate's transportation to and payment for abortion services. 139 F.3d at 799. The district court denied the inmate's request to proceed anonymously on the bases of Rule 17(a), that the case presented issues of public policy ("expenditure of public funds") and because the identity of the plaintiff would have been known in any event to her jailers. *Id.* at 800. The district court found "that

2

whatever interest in privacy is claimed on behalf of the plaintiff, the numerous countervailing public interests clearly and decisively outweigh it." *Id.*

The Tenth Circuit affirmed the lower court, for three key reasons. First, the *M.M.* court found that the lower court did not abuse its discretion, because it "exercised 'informed discretion.' " *Id.* Second, the court was persuaded by the "fact the plaintiff's identity is already known to the state agency and staff." *Id.* Third, the court agreed that as the plaintiff's "claim to relief clearly involve[d] the use of public funds, . . . the public certainly ha[d] a valid interest in knowing how state revenues are spent." *Id.*

In *Femedeer*, the Tenth Circuit again denied a plaintiff's request to proceed anonymously. 227 F.3d at 1246–47. The plaintiff in *Femedeer* was a convicted sex offender. *Id.* at 1246. The *Femedeer* court determined that the public's interest in access to legal proceedings that attack "the constitutionality of popularly enacted legislation" outweighed the plaintiff's privacy concerns. *Id.* The court further noted that a plaintiff proceeding anonymously increases the difficulty of applying *res judicata* or collateral estoppel. *Id.* In any event, the court believed that the disclosure of the plaintiff's status as a sex offender had "presumably already occurred in the underlying conviction." *Id.* Finally, the court was not persuaded by plaintiff's request, because he failed to "establish real, imminent personal danger." *Id.*

A judge in this district applied the *Femedeer* analysis in reaching the opposite conclusion. In *Does I–V v. Rodriguez*, Senior District Judge Babcock granted a motion to proceed anonymously submitted by five plaintiffs, who at the time were Mexican nationals who had been "virtually imprisoned" by the defendants at a farm labor compound in Colorado. Nos.

3

06–cv–00805–LTB & 06–mc–0017–LTB, 2007 WL 684114, at *1 (D. Colo. Mar. 2, 2007). The premise of the plaintiffs' request was their fear of retaliation from the defendants for bringing the civil case after initiating the criminal investigation. *Rodriguez*, 2007 WL 684114 at *2. Although the defendants had been deported to Mexico some months prior, the defendants' son remained in Colorado, and counsel for the plaintiffs had heard defendants' family members making "threatening comments" related to the plaintiffs. *Id.* Judge Babcock found that cumulatively, the investigation, presence of the son, overheard threats, and civil allegations of coercion and violence "raise[d] a serious concern that the plaintiffs . . . [were] at significant risk of retaliation." *Id.* He thus granted the request to proceed anonymously.

In *Doe v. Heil*, another magistrate judge in this district analyzed a request to proceed anonymously pursuant to *M.M.* and *Femedeer*. No. 08–cv–02342–WYD–CBS, 2008 WL 4889550 (D. Colo. Nov.13, 2008). The *Doe I* plaintiff challenged the CDOC's policy that requires an offender participating in the sex offender treatment program to take and pass a polygraph examination, as well as other policies related to the program, as unconstitutional. 2008 WL 4889550 at *1. The plaintiff brought his request to proceed anonymously on the grounds that, as a convicted sex offender, he feared being beaten by other inmates "if his real name and status as a sex offender was disseminated within the general prison population." *Id.* at *2. As an exacerbating consideration, the plaintiff asserted that he suffered from congestive heart failure and utilized a pace maker and a blood thinning prescription as part of his medical treatment. *Id.*

4

The *Doe I* court concluded that without additional facts, the plaintiff's status as a convicted sex offender would not justify the use of a pseudonym, particularly considering that the conviction itself was presumably part of the public record. *Id.* at *3. However, the court weighed heavily the plaintiff's contention that his risk of physical harm was increased due to his heart condition and treatment. *Id.* The court distinguished the facts of *Femedeer* on this basis. Furthermore, the court determined that the nature of the challenge as constitutional and the absence of a request for money damages did not indicate that the dispute would hinge on issues of fact. *Id.* at *4. The court balanced these considerations with the public interest and concluded that the *Doe I* plaintiff should be permitted to proceed anonymously. *Id.*

This court conducts the same balancing test contemplated by the cases described above. Plaintiff argues she should be able to proceed anonymously because it would be paradoxical for her to have to publicly divulge her confidential medical information to seek redress for violations of the privacy provisions meant to protect that information. Plaintiff also argues public dissemination of her disability and its treatment could jeopardize future employment opportunities, and such a risk is contradictory to the goals of this suit and the ADA.

The ADA states that, "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability . . . ." 42 U.S.C. § 12112(d)(4)(A). The purpose of this prohibition is to stop employers from discovering an employee's disability and thereby preventing discrimination on the basis of that disability. *Roe v. Cheyenne Mountain Conference Resort*, 920 F. Supp. 1153, 1154 (D. Colo. 1996) (stating that, "Congress enacted the ADA to

help eliminate discrimination against individuals with disabilities.  As part of this effort the ADA restricts an employer's ability to conduct medical examinations and make inquiries of employees and job applicants in an effort to discover disabilities or perceived disabilities.") (citations omitted).

The ADA further recognizes that any information gathered from a medical examination is a "confidential medical record."  42 U.S.C. § 12112(d)(4)(C); EEOC ENFORCEMENT GUIDANCE (stating that, "The ADA requires employers to treat any medical information obtained from a disability-related inquiry or medical examination (including medical information from voluntary health or wellness programs), as well as any medical information voluntarily disclosed by an employee, as a confidential medical record.).  In order to maintain the confidentiality of those records the medical information must be "maintained on separate forms and in separate medical files . . . ." 42 U.S.C. § 12112(d)(3)(B).  Finally, due to the confidentiality of the medical information, an employer cannot disclose it except in very limited circumstances.  42 U.S.C. § 12112(d)(3)(C).  Any violation of these prohibitions and restrictions constitute disability discrimination.  42 U.S.C. § 12112(d)(1) (stating that, "The prohibition against discrimination as referred to in subsection (a) of this section shall include medical examinations and inquiries.").

Plaintiff's lawsuit alleges that the defendant unlawfully required her to undergo medical examinations and medical inquires that forced Plaintiff to disclose confidential medical information that Defendant would not have otherwise known about.  (Compl., ¶¶ 90a-b.) Plaintiff also alleges that once the defendant unlawfully gathered this confidential medical

information it then proceeded to unlawfully disclose it.  (*Id.*,¶ 90c.)  Plaintiff now argues that should she be forced to litigate her privacy claims under her own name, she would be required to publicly disclose the confidential medical information unlawfully gathered by the defendant and thereby exacerbate the very privacy violations underlying her lawsuit.  Plaintiff contends that she would be required to engage in the very conduct that her Complaint alleges is discriminatory.  Plaintiff argues the privacy violation is intensified by the personal and potentially embarrassing content of the unlawful examinations and inquiries conducted by the defendant into Plaintiff's sexual activities, including the number of her sexual partners, as well as into several questions regarding illegal drug use.  *See, e.g., id.*, ¶ 46.  Finally, Plaintiff argues that the false allegations of drug abuse that caused the defendant to conduct its unlawful medical examinations and inquiries, if made public, could negatively impact Plaintiff's ability to find continued employment, which directly contradicts the underlying purpose of the ADA.

Defendant argues that Plaintiff's real name is already part of the public record because Plaintiff used it to file Plaintiff's Administrative Charge with the EEOC.  However, the court agrees with Plaintiff's argument that the "fact that a record is maintained by a governmental agency does not inherently mean that record is open to public viewing." (Reply at 3.)  The Supreme Court has found that privacy interests exist even in public records.  *See United States DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 770 (1989).  Moreover, Title VII, as incorporated by reference into the ADA, prohibits the Commission from making charges public.  42 U.S.C. § 2000e-5(b).  Title VII also makes it unlawful for the EEOC to make public information obtained under its investigative authority.  42 U.S.C. § 2000e-8(3).  Finally,

Plaintiff's Charge of Discrimination also cannot be obtained under the Freedom of Information Act (FOIA), which exempts from its disclosure requirements "matters that are . . . specifically exempted from disclosure by statute . . . ." 5 U.S.C. § 552(b)(3). Sections 2000e-5(b) and 2000e-8(e) have been held by courts to fit within the FOIA exemption. *See*, *e.g.*, *American Centennial Ins. Co. V. U.S. EEOC*, 722 F. Supp. 180, 182 (D.J.N. 1989). Moreover, only parties directly involved with a Charge of Discrimination may receive copies of the EEOC's files under the FOIA. *See EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 596 (1981).

Though the bulk of Defendant's argument in opposition to Plaintiff's motion to proceed under a pseudonym is spent addressing whether Plaintiff's medical issues and future employment concerns justify the use of a pseudonym (*see* Resp. at 7–9), the court agrees with the Plaintiff that these issues were argued by her only as "other factors" that justify the use of a pseudonym. The court primarily is concerned with Plaintiff's argument that, if she is forced to litigate her privacy claims under her own name, she would be required to publicly disclose the confidential medical information allegedly unlawfully gathered by the defendant. The court also recognizes that, if it requires Plaintiff to proceed under her own name, the court itself may be violating at least the spirit of the provisions of the ADA that protect any information gathered from a medical examination as confidential. 42 U.S.C. § 12112(d)(4)(C). The court is not inclined to do so.

Finally, Defendant argues that both it and the Court will be burdened if the Plaintiff is allowed to proceed under a pseudonym. However, as noted by Plaintiff, the potential burden upon the Court or the opposing party is not a factor used to determine whether the use of a

pseudonym is appropriate. Rather, " '[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " *Heil*, 2008 WL 4889550, at * 2 (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992)). Here, the plaintiff filed a verification of the Complaint disclosing Plaintiff's true name to the defendants. Thus, the court finds Defendant's ability to conduct discovery or mount a defense will not be impaired. Additionally, Plaintiff's suit is against a private, rather than a public, employer, which lessens the public interest. Finally, the court finds there are no less drastic means available to protect Plaintiff from the loss of privacy that underlies her alleged ADA claims. Thus, the court finds Plaintiff has a substantial privacy right which outweighs the customary openness of judicial proceedings.

Therefore, it is

ORDERED that "Motion for Plaintiff to Proceed Under a Pseudonym" (Doc. No. 2) is GRANTED. Plaintiff shall be allowed to proceed in this matter under the pseudonym "Jane Roe."

Dated this 4th day of January, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge