IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02179-WYD-KMT

JANE ROE,

Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, A COLORADO NONPROFIT CORPORATION D/B/A CENTURA HEALTH-PENROSE HOSPITAL,

Defendant.

## MOTION FOR RECONSIDERATION OF ORDER TO PROCEED UNDER A PSEUDONYM (DOC. 50)

On January 4, 2012, the Magistrate entered an order granting the "Motion for Plaintiff to Proceed Under a Pseudonym" (Order, Doc. 50). A motion for reconsideration of an order can be filed at any time prior to final judgment in an action. See, Fed.R.Civ.P. 54(b) ("any order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"); *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).

Plaintiff's Reply Brief filed in support of motion attached and referenced an affidavit and other documentation that had not been previously presented in support of her motion. This Motion for Reconsideration addresses those attachments and related arguments and seeks

4853-0310-3758.1

reconsideration on additional grounds.  In support of its Motion for Reconsideration, Catholic Health Initiatives Colorado "Catholic Health" states as follows:

I. **<u>PLAINTIFF'S CLAIMS IN THIS CASE ARE FOUNDED ON HER ALLEGATION THAT INFORMATION ABOUT HER BACK PAIN AND MEDICATIONS TO CONTROL THAT PAIN WAS PRIVATE AND CONFIDENTIAL</u>.**

   A. **Plaintiff's Claimed Disability Is Chronic Back Pain Resulting From Degenerative Disc Disease In Her Spine.**

At Paragraphs 7 and 8 of her Complaint, the Plaintiff asserts that she is disabled as a result of chronic back pain arising from degenerative disc disease in her spine.

   B. **Plaintiff Claims That She Was Taking Prescribed Narcotics To Treat Her Chronic Pain.**

Paragraphs 9 and 10 of her Complaint allege that Plaintiff was taking narcotics that had been prescribed by her physician to treat her chronic back pain.

   C. **Plaintiff Claims That The Information About Her Back Pain And Her Narcotic Use Was Private, Confidential Information.**

The allegation that the information regarding Plaintiff's back pain was "private," "highly private" and "confidential" are sprinkled throughout Plaintiff's Complaint.  *See, e.g.,* ¶¶ 25, 45, 48, 51, 52, 81, 82 and 86.

In the Motion for Plaintiff to Proceed Under a Pseudonym, at page 2, the Plaintiff describes her claims in four categories that underscore the fact that her claims are based on her assertion that the information at issue in this case is "confidential and private medical information related to her disability."  Pages 1 and 2 of the Magistrate's Order adopt that characterization of Plaintiff's claims.  There can be no dispute about the fact that Plaintiff's

claims in this case are founded on her allegation that the information that she had back pain and used medication to control it was private and confidential information.

## II. PLAINTIFF WAIVED ANY PRIVACY OR CONFIDENTIALITY INTEREST SHE MIGHT HAVE HAD IN INFORMATION REGARDING HER DISABILITY AND MEDICATION USE.

### A. An Individual's Private Interest Can Be Waived By The Individual.

In *Jarvis v. Bureau of Alcohol, Tobacco, Firearms*, Loislaw Federal District Court Opinions, Case No. 4:07-CV-111-MP/WCS (N.D. Fla. 2008), the Court stated:

> An individual's privacy interest may, of course, be waived by the individual. *Computer Professionals for Social Responsibility v. United States Secret Service*, 72 F.3d, 897, 904 (D.C. Cir. 1996).

In *Showing Animals Respect & Kindness v. U.S. Dep. Of Int.*, 730 F. Supp. 2d 180, 191 (D.D.C. 2010), the Court held that:

> As a general rule, SafeCard directs an agency to redact names, addresses, or other identifiers of individuals mentioned in investigatory files in order to protect the privacy of those in the records at issue. *See Nation Magazine*, 72 F.3d at 896 (holding that an individual's public statements that he was involved with federal drug interdiction operations "effectively waive [his] right to redaction of his name from documents on events that he has publicly disclosed.") *See, also, Long v. U.S. Dept. of Justice*, 450 F.Supp. 2d, 42, 48 (D.D.C. 2006) (distinguishing cases involving an "individual's 'voluntary decision to publicly disclose' certain information…").

### B. The Plaintiff Widely Disclosed Her Back Pain And Medication Use.

The Declaration of Kenya Russell, submitted herewith as Exhibit 1, confirms that Ms. Russell conducted an investigation in which she spoke to sixteen of the Plaintiff's co-workers.

> During the investigation, I discovered that Plaintiff had spoken openly to co-employees about the pain medication she was taking for her back problems. She showed and/or discussed her fentanyl patch in the workplace and openly took pain medications while co-workers were present. Many of those I interviewed were aware that Plaintiff was using a fentanyl patch, vicodin and/or nicotine gum. The first time I learned that Plaintiff was using these medications was from the co-employees I interviewed. Plaintiff had not treated her disclosures as private and

had not asked others to keep them in confidence. It was obvious to me that Plaintiff had made no effort whatsoever to protect the privacy of her medical condition and medications. That information was publicly known.

### C. Plaintiff Waived Any Privacy Interest Before Filing This Case.

Whatever privacy interest may have otherwise attached to the fact that Plaintiff had an alleged disability and was taking medication to treat her chronic back pain, it was waived by the Plaintiff before filing this case. She should not now be permitted to pursue litigation under a pseudonym to prevent disclosure of the fact that she has a condition she has publicly disclosed.

### III. THIS GARDEN VARIETY ADA CASE DOES NOT MERIT THE "UNUSUAL" PSEUDONYM TREATMENT REQUESTED BY PLAINTIFF.

### A. With No Privacy Interests Remaining, The Balance Obviously Favors Disclosure Of Plaintiff's Name.

In *Horowitz v. Peace Corps.,* 428 F.3rd 271, 278 (D.C. Cir. 2005), the court addressed a situation in which the public interest in disclosure of information was virtually nonexistent, while the privacy interest was modest. The court observed: "If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.' *National Association of Retired Federal Employees v. Horner*, 879 F.2d. 873, 879 (D.C. Cir. 1989)." In a similar vein, where there is no longer any privacy interest (because of Plaintiff's own public disclosure) and there is an interest in transparency and openness in court proceedings, the latter interest "outweighs nothing every time."

The EEOC's ADA Questions and Answers website states: "A test for the illegal use of drugs is not considered a medical examination under the ADA; therefore, employers may conduct such testing of applicants or employees and make employment decisions based on the results. The ADA does not . . . prohibit . . . drug tests." http://www.ada.gov/qandaeng.htm. The

statutes cited by the Magistrate do not apply to the drug evaluation that occurred here. The Declaration of Kenya Russell demonstrates that there has never been a false allegation of drug abuse, but rather, that reports of observed conduct prompted a drug screening. The mere assertion that questions were asked does not demonstrate the substance of the responses or that the responses were sensitive in nature. The newly received records of Plaintiff's drug evaluation, attached as Exhibit 2, demonstrate that the drug screening was a standard evaluation and that the responses did not provide any particularly sensitive information.

**B.     The Federal Statues And Regulations At Issue Indicate That Disclosure Is Appropriate Once Litigation Is Instituted.**

In her Reply Brief in support of her Motion to Proceed Under a Pseudonym, the Plaintiff attached an affidavit and documentation designed to support the position that her filing of charges with the EEOC under her own name, rather than a pseudonym, did not mean that that information, obtained under its investigative authority should be available to the public. In support of her new argument, she cited, at pages 3 and 4 of her Reply Brief, federal statutory and regulatory provisions to the effect that information obtained by the Commission in its investigative process should not be made public. It is important, however, to note that both the statute and the regulations cited by the Plaintiff provided that information obtained in its investigation should not be made public "prior to the institution of a proceeding under the ADA" [or under Title VII]. Implicit in those statutory and regulatory provisions is the obvious implication that once an individual who has filed a charge of discrimination under Title VII or the ADA has instituted litigation, that information, including the identity of the claimant is generally available to the public.

### C. If This Case Merits Pseudonym Treatment, Every ADA Case Qualifies For Such Treatment.

There is nothing unusual about the disability claims of the Plaintiff in this action. She had back pain! She treated the back pain with pain relieving medications. There is nothing particularly sensitive about her claimed disability or its treatment. This is not a case involving HIV status, sensitive sexual matters, or other particularly sensitive issues. This case is about a woman who had back pain.

Employment situations involving disabilities will typically involve pre-employment physical examinations, drug screenings, and fit-for-duty examinations. Pseudonym status should not be granted based on the typical questions that are asked in employment-related medical evaluations, such as drug/alcohol evaluations or fit-for-duty examinations. Otherwise every ADA case will be a pseudonym case.

Every ADA case involves medical information. The fact that the ADA contains certain confidentially provisions is a reality in every ADA case. If the fact that the ADA requires confidentiality of certain information supports pseudonym treatment in this case, such treatment would be required in every ADA case. The courts have recognized, as cited in prior briefing, that proceeding under a pseudonym is an "unusual procedure." Where, unlike here, extremely sensitive medical information is involved, it can be protected with a narrowly tailored approach rather than the overbroad pseudonym approach.

Plaintiff has sought permission to proceed under a pseudonym for strategic reasons that are not legitimate. The Plaintiff's own actions demonstrate that the allegations of sensitivity in the Complaint are not sincere. The pseudonym status creates an unwarranted appearance of

sensitivity to the jury, which benefits the Plaintiff and is detrimental to the Defendant in this litigation. It is unwise, unfair and a break with precedent to allow the Plaintiff to proceed under a pseudonym in this case.

WHEREFORE, Catholic Health respectfully moves this Court to reconsider its Order granting Plaintiff's Motion to Proceed Under a Pseudonym, and to deny that Motion.

Respectfully submitted this 23rd day of January, 2012.

                                            KUTAK ROCK LLP

                                            By:   *s/ Mark L. Sabey*
                                                       Mark L. Sabey

                                            *ATTORNEYS FOR DEFENDANT*

CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of January, 2012. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail address listed in the CM/ECF system records:

Donna Dell'Olio
Cornish and Dell'Olio
431 North Cascade Ave., Suite 1
Colorado Springs, CO  80903
ddellolio@cornishanddellolio.com

                *s/ Roy Colclazier*
                Roy Colclazier