IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02179-WJM-KMT

**Jane Roe,**

   Plaintiff

v.

**Catholic Health Initiatives Colorado,**
**A Colorado nonprofit corporation,**
**d/b/a Centura-Health-Penrose Hospital**

   Defendant.

## PLAINTIFF'S RESPONSE TO OBJECTION TO ORDER (DOC. #50)

  Plaintiff, Jane Roe, by and through counsel, Donna Dell'Olio, Cornish & Dell'Olio, P.C. files this Response to Defendant's Objection to Magistrate Judge Tafoya's Order granting Plaintiff leave to proceed under a pseudonym. In support of her Response Plaintiff states as follows:

### Introduction

  Defendant's Objection rests in part upon the assertion that the portions of the ADA relied upon by Magistrate Judge Tafoya in her Order (Doc. #50) do not apply to Defendant's conduct in this case. Presumably Defendant refers to 42 U.S.C. § 12112(d), which governs medical examinations and inquiries for current employees and was cited extensively by Magistrate Judge Tafoya. Defendant asserts that this section does not apply to the drug testing that occurred in this case because drug testing for the

1

illegal use of drugs has been specifically exempted from the medical examination provision of the Act. This argument misstates both the law and underlying facts of this claim and shows a continued lack of concern regarding the privacy violations that led to the filing of this lawsuit.

## Argument

Defendant argues that the ADA does not prohibit "a test for the illegal use of drugs." The assertion is true but misses the point. The medical examinations and inquiries that Plaintiff underwent were not intended to uncover "the illegal use of drugs." The definition of "illegal use of drugs" contained in the ADA regulations specifically excludes the use of prescription medication taken under a physician's supervision. 29 C.F.R. § 1630.3(a)(2) ("Illegal use of drugs means the use of drugs the possession or distribution of which is unlawful under the Controlled Substances Act, as periodically updated by the Food and Drug Administration. *This term does not include the use of a drug taken under the supervision of a licensed health care professional, or other uses authorized by the Controlled Substances Act or other provisions of Federal law.*") (italics added). *See also* 29 C.F.R. § 1630.3(a)(1) (defining "drugs" as "a controlled substance, as defined in schedules I through V of section 202 of the Controlled Substances Act (21 U.S.C 812).").

The only type of drug test exempted from the restrictions applicable to medical examinations are tests "for the illegal use of drugs." 42 U.S.C. § 12114(d)(1) (stating that, "For purposes of this subchapter, a test to determine the illegal use of drugs shall not be considered a medical examination."). The Equal Employment Opportunity

2

Commission has defined a "medical examination" as "a procedure or test that seeks information about an individual's physical or mental impairments or health." EEOC ENFORCEMENT GUIDANCE: DISABILITY RELATED INQUIRIES AND MEDICAL EXAMINATIONS OF EMPLOYEES UNDER THE ADA, http://www.eeoc.gov/policy/docs/guidance-inquiries.html (January 26, 2012). A drug test fits within this definition. Therefore, a drug test for the use of "a drug taken under the supervision of a licensed healthcare professional" qualifies as a medical examination under the ADA. Depositions taken in the case prove Plaintiff's assertion that her drug testing was prompted by her use of prescription medication rather than any belief that she was engaged in the illegal use of drugs. Exhibit 2 – Deposition of Kenya Russell, 97:14-19 (stating that, "Before you ordered the reasonable-suspicion drug test, had anyone alleged that she was using illegal drugs? A. No. Q. Did you have any reason to believe she was using illegal drugs? A. No.");

Ms. Russell's deposition testimony demonstrates that Defendant's inquiries and examinations were not motivated by a belief that illegal drug use was occurring but rather by a belief that Plaintiff was using physician prescribed medications at work. Given these facts there is no basis for claiming that Defendant's medical inquiries and evaluations of Plaintiff were justified as "a test for the illegal use of drugs."

## Conclusion

42 U.S.C. § 12114(d) as cited by Magistrate Judge Tafoya directly applies to Defendant's conduct in this case because the Defendant engaged in medical examinations and inquiries subject to that section of the ADA. The tests and

evaluations were not for the purpose of discovering the illegal use of drugs and therefore are not exempted from the requirements of 42 U.S.C. § 12112(d).

The Order which Defendant objects to is supported by careful analysis of precedent in this jurisdiction. The Objection is based on a misunderstanding of the applicability of 42 U.S.C. § 12112(d) to drug tests.

WHEREFORE, Plaintiff respectfully requests that the Court affirm Magistrate Judge Tafoya's Order.

Respectfully submitted this 30th day of January, 2012.

CORNISH & DELL'OLIO, P.C.


/s/ Donna Dell'Olio
Donna Dell'Olio, # 10887
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
TEL (719) 475-1204
FAX (719) 475-1264
Email: ddellolio@cornishanddellolio.com
Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2012, I electronically filed with the Clerk of Court using the CM/ECF system a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO OBJECTION TO ORDER (DOC. #50)** was sent by email:

Mark L. Sabey
Kutak Rock, LLP
1801 California Street, Suite 3100
Denver, CO 80202-2626
Tele: (303) 297-2400
Fax: (303) 292-7799

4

email: mark.sabey@kutakrock.com

s/Esther Kumma Abramson
Esther Kumma Abramson

5