IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02179–WYD–KMT

JANE ROE,

     Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, a Colorado nonprofit corporation, d/b/a Centura-Health-Penrose Hospital,

     Defendant.

## ORDER

This matter is before the court on Defendant's "Motion to Stay Proceedings" (Doc. No. 35 [Mot.], filed November 21, 2011). Plaintiff filed her response on November 30, 2011 (Doc. No. 39 [Resp.]), and Defendant filed its reply on December 30, 2011 (Doc. No. 49 [Reply]).

Plaintiff brings this case pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et* seq., for discrimination. Prior to filing this action, Plaintiff initiated a charge with the EEOC. Though the EEOC issued a right to sue letter to Plaintiff because more the 180 days had passed since the filing of the charge, the EEOC advised it would continue to process the charge. (*See* Mot., Ex. A.) Defendant seeks a stay of all proceedings in this matter until after the EEOC has terminated its processing of Plaintiff's charge.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (citing cases).

Defendant argues that because the EEOC is still processing Plaintiff's charge, Plaintiff has not exhausted the Title VII administrative process. (*See* Mot. at 2–4.) "The twofold purpose

of the exhaustion requirement is to give notice of an alleged violation to the charged party and to give the administrative agency an opportunity to conciliate the claim in furtherance of Title VII's goal of securing voluntary compliance." *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997). A Title VII plaintiff satisfies the exhaustion requirement by filing a charge with the EEOC and receiving a right to sue letter. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Federal statute "permits anyone who has filed an EEOC charge to bring a civil action either after EEOC has dismissed the charge or after 180 days if EEOC has not yet filed a civil action or entered into a conciliation agreement." *Walker v. United Parcel Svc., Inc.*, 240 F.3d 1268, 1271 (10th Cir. 2001); *see* 42 U.S.C. § 2000e-5(f)(1).

Defendant does not dispute that Plaintiff filed a timely charge with the EEOC or that she received a right to sue letter after the 180-day waiting period. Thus, there is no dispute that Plaintiff fulfilled these requirements prior to filing this action. Rather, Defendant argues that the EEOC may, once its investigation is complete, decide to take actions that will have an impact on this case or it may decide to join this case as a party to pursue Plaintiff's claims for relief. Defendant also argues that, if this case is not stayed, the EEOC and this Court will be considering identical issues and may issue inconsistent decisions.

However, the court agrees with Plaintiff's argument that, at this stage, a charging party has the right to file a lawsuit and no duplicative litigation can occur because the EEOC is limited to the right to intervene. (Resp. at 2 [citing *EEOC v. Continental Oil Co.*, 548 F.2d 884, 889 (10th Cir. 1997)].) Moreover, though the court may stay proceedings for not more than sixty

days pending further efforts of the EEOC to obtain voluntary compliance, *see* 42 U.S.C. § 2000e-5(f)(1), Defendant has failed to indicate–though it is in the best possible position to do so–that the EEOC has made any attempts to obtain voluntary compliance that may affect the proceedings in the EEOC action or in this case.

Defendant also argues that this case should be stayed because it has been prevented from obtaining FOIA access to any documents from the EEOC, "including the intake questionnaire and Plaintiff's first statements about the facts of this case." (Mot. at 3.) Plaintiff counters that "no questionnaire or other statements to the EEOC exist outside of Ms. Roe's Charge of Discrimination and Rebuttal" and "Ms. Roe did not fill out an intake questionnaire and was not interviewed by an investigator." (Resp. at 5.) Based on this, the court finds that the defendant, which also is a party to the EEOC investigation, likely has all of the information provided to the EEOC by Plaintiff, and any further information may be obtained through discovery without obtaining the information directly from the EEOC.

Finally, Defendant likens this case to cases in which arbitration proceedings have commenced to justify its request for a stay. (*See* Mot. at 4–6.) Here, however, unlike an arbitration proceeding, any future EEOC determination has no binding legal effect and is not dispositive. 42 U.S.C. § 2000e-5(b); *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099 1105-06 (10th Cir. 2002).

The court finds that Plaintiff's interests in proceeding outweighs the very limited burden on Defendant of proceeding with this case despite the EEOC's ongoing investigation. Additionally, though Plaintiff did not address the remaining *String Cheese* factors (*i.e.*, the

Court's convenience and interests of nonparties and the public in general), they do not prompt a different result.  *See String Cheese*, 2006 WL 894955, at *2.  Balancing the *String Cheese* factors, the court finds that a stay of this matter is not appropriate.

Therefore, it is

**ORDERED** that  Defendant's "Motion to Stay Proceedings" (Doc. No. 35 ) is **DENIED.**

Dated this 3rd day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge