IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02179–WYD–KMT

JANE ROE,

      Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, a Colorado nonprofit corporation, d/b/a
Centura-Health-Penrose Hospital,

      Defendant.

---

## ORDER

---

      This matter is before the court on Defendant's "Motion for Reconsideration of Order to

Proceed Under a Pseudonym (Doc. No. 50)" (Doc. No. 52 [Mot.], filed January 23, 2012).

Plaintiff filed her Response on February 3, 2012 (Doc. No. 60 [Resp.]), and Defendant filed its

Reply on February 21, 2012 (Doc. No. 65 [Reply]).  Defendant asks this court to reconsider its

Order (Doc. No. 50) granting Plaintiff leave to proceed under a pseudonym.

## LAW REGARDING MOTIONS TO RECONSIDER

      Under Tenth Circuit case law,

> [g]enerally, a "motion for reconsideration, not recognized by the Federal Rules of
> Civil Procedure, *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be
> construed in one of two ways: if filed within 10 days of the district court's entry
> of judgment, it is treated as a motion to alter or amend the judgment under Rule
> 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion
> for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging, Inc.*

> *v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).  In addition, "every
> order short of a final decree is subject to reopening at the discretion of the district
> judge."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12
> [ ](1983); *see also* Fed. R. Civ. P. 54(b).

*Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  A district court has discretion to

revise interlocutory orders before the entry of a final judgment.  *See Trujillo v. Bd. of Educ. of*

*the Albuquerque Pub. Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007).

To determine the propriety of reconsideration under Rule 54(b), courts apply the legal

standards applicable to a Rule 59(e) motion to alter or amend a judgment.  *Tomlinson v.*

*Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010); *Sump v.*

*Fingerhut, Inc.*, 208 F.R.D. 324, 326–27 (D. Kan. 2002) (citing *Renfro v. City of Emporia*, 732

F. Supp. 1116, 1117 (D. Kan. 1990)).  "Grounds warranting a motion to reconsider include (1)

an intervening change in the controlling law, (2) new evidence previously unavailable, and (3)

the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204

F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the

court has misapprehended the facts, a party's position, or the controlling law."  *Servants of*

*Paraclete*, 204 F.3d at 1012 (citation omitted).  However, a motion for reconsideration is an

"inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion

merely advances new arguments, or supporting facts which were available at the time of the

original motion."  204 F.3d at 1012.  In addition, "arguments raised for the first time in a motion

for reconsideration are not properly before the court and generally need not be addressed."

*United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 1997).  A district court has

2

considerable discretion in ruling on a motion to reconsider.  *See Phelps v. Hamilton*, 122 F.3d

1309, 1324 (10th Cir. 1997).

## ANALYSIS

### *Waiver of Privacy Argument*

Defendant argues that, to the extent Plaintiff's claims are based on her assertion that the

information at issue in this case is confidential and private information related to her disability,

she has waived her right to privacy.  (Mot. at 2–4.)  However, Defendant previously made this

argument in its Response to the Motion for Plaintiff to Proceed Under a Pseudonym.  (*See* Doc.

No. 16 at 2–3.)  At best, Defendant attempts to reshuffle its arguments previously considered and

rejected by the court.  The court declines to revisit previously settled issues.  *See Servants of*

*Paraclete*, 204 F.3d at 1012; *Voelkel v. General Motors, Corp.*, 846 F. Supp. 1482, 1483 (D.

Kan. 1994) (holding that a motion to reconsider is not a second opportunity for the losing party

to make its strongest case, to rehash arguments, or to dress up arguments that previously failed).

Additionally, the nonbinding cases cited by Defendant in support of this argument are

misquoted and inapposite to this case.  In *Jarvis v. Bureau of Alcohol, Tobacco, Firearms, and*

*Explosives*, the plaintiff sued a government agency under the Freedom of Information Act

("FOIA") for certain reports and documents the government agency either failed to provide or

redacted before providing to the plaintiff.  *See id.*, No. 4:07-cv-00111-MPT-WCS, 2008 WL

2620741, at *2 (N.D. Fla. June 30, 2008).  The records at issue in *Jarvis* were records compiled

for law enforcement purposes and were protected from disclosure under an FOIA exemption

because disclosure "could reasonably be expected to constitute an unwarranted invasion of

personal privacy." *See* 2008 WL 2620741, at *10–11 (quoting 5 U.S.C. § 551(b)(7)).  Similarly, in *Showing Animals Respect and Kindness v. United States Department of the Interior*, the plaintiff sued under the FOIA seeking information about a criminal investigation of individuals for hunting and transporting a bear in violation of another federal act.  *See id.*, 730 F. Supp. 2d 180, 184–85 (D.D.C. 2010).  The defendants in *Showing Animals Respect* also asserted the records were protected from disclosure under FOIA exemptions because "disclosure [ ] would constitute a clearly unwarranted invasion of personal privacy."  *See id.*, 730 F. Supp. 2d at 190.  Here, the records sought are not protected by the FOIA and do not relate to any criminal investigation conducted by the parties.  Thus, the cases cited by Defendant, which were filed by plaintiffs pursuant to the FOIA seeking information about criminal investigations, are irrelevant to this case.

Finally, the information provided by Defendant in the Declaration of Kenya Russell is new information offering supporting facts that Defendant had ample opportunity to argue in its response to the plaintiff's original motion to proceed under a pseudonym.  Ms. Russell's investigation occurred on or about February 3, 2010 (*see* Resp., Ex. B at 4), and Defendant filed its response to the motion to proceed under a pseudonym on September 26, 2011 (Doc. No. 16).  However, motions for reconsideration are not appropriate if the movant asks the court to hear new arguments or supporting facts that could have been presented originally.  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Thus, this issue is not properly before the court, and the court declines to decide the merits of the arguments regarding the Declaration.

***ADA "Garden Variety" Argument***

Defendant's next argument assumes that they court has decided in its favor that Plaintiff does not have any privacy rights remaining, and thus the test to determine whether Plaintiff should be allowed to proceed under a pseudonym, *see Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000), tips the balance in favor of Defendant. (*See* Mot. at 4–5.) This argument fails, as the court has not decided Plaintiff has no privacy interests at issue.

Next, Defendant argues that because the ADA allows for employers to test for illegal use of drugs, Plaintiff's privacy rights were not impacted. The court notes that there is a dispute between the parties about whether the Defendant's medical inquiries and evaluations were justified as testing for illegal use of drugs. Nevertheless, the court agrees with the plaintiff that this is a newly-raised argument, and thus the court declines to address it. *See Van Skiver*, 952 F.2d at 1243; *Castillo-Garcia*, 117 F.3d at 1197.

Defendant then argues that the federal statutes and regulations implicate that once an individual who has filed a charge of discrimination under Title VII or the ADA has instituted litigation, her identity is generally available to the public. (Resp. at 5.) This argument is based on federal and statutory language quoted by the plaintiff in the reply in support of the motion to proceed under a pseudonym to the effect that information obtained by the Commission in its investigative process should not be made public prior to the institution of a proceeding under the ADA. (*See id.*) However, Plaintiff argues that her initial motion to proceed under a pseudonym recognized this and that nothing in the ADA regulations have changed between now and when

Defendant filed its response to that motion.  (Reply at 8 [citing Doc. No. 2 at 2, 4].)  The court agrees and thus declines to address this argument.  *See Van Skiver*, 952 F.2d at 1243.

Finally, Defendant argues that the nature of Plaintiff's disability and the fact that "[s]he had back pain!" do not justify the use of a pseudonym.  (Mot. at 6–7.)  Though it may be true, as Defendant argues, that each ADA case involves medical information, the court agrees with Plaintiff that the ADA confidentiality provisions that Plaintiff alleges Defendant violated are not present in every ADA case.  Defendant has submitted no law in support of its argument in this regard.  Rather, Defendant has resorted to personal attacks on Plaintiff and her counsel, without any support for same, contending she "has sought permission to proceed under a pseudonym for strategic reasons that are not legitimate."  (*Id.* at 6.)  The court declines to consider this argument.  *See Van Skiver*, 952 F.2d at 1243.

For the foregoing reasons, and for Defendant's failure to present arguments warranting reconsideration, *see Servants of Paraclete*, 204 F.3d at 1012, it is

**ORDERED** that Defendant's "Motion for Reconsideration of Order to Proceed Under a Pseudonym (Doc. No. 50)" (Doc. No. 52) is DENIED.

Dated this 23rd day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

6